13-3543-cv
Powell v. Murphy

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of November, two thousand fourteen.

PRESENT:  AMALYA L. KEARSE,
          CHESTER J. STRAUB,
          REENA RAGGI,
                    *Circuit Judges.*

------------------------------------------------------------------------

DAVID POWELL,
                    *Plaintiff-Appellant*,

            v.                                          No. 13-3543-cv

DANIEL MURPHY, badge no. 5040, individually and in his official capacity, and ROBERT SUPPA, badge no. 1359, individually and as a detective of the SUFFOLK COUNTY, N.Y. POLICE DEPARTMENT,
                    *Defendants-Appellees*,

OFFICER TRUESDELL, badge no. 1349, individually and in his official capacity, EILEEN O'CONNELL, individually, and COUNTY OF SUFFOLK, N.Y.,
                    *Defendants.*[*]

------------------------------------------------------------------------

---

[*]  The Clerk of Court is directed to amend the official caption as shown above.

APPEARING FOR APPELLANT: ARTHUR V. GRASECK, JR., Oakdale, New York.

APPEARING FOR APPELLEES: BRIAN C. MITCHELL, Assistant County Attorney, *for* Dennis M. Brown, Suffolk County Attorney, Hauppauge, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Arthur D. Spatt, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 5, 2013, is AFFIRMED.

David Powell appeals from an award of summary judgment in favor of defendants Officer Daniel Murphy and Detective Robert Suppa[1] on Powell's claims of false arrest and malicious prosecution, brought under 42 U.S.C. § 1983.  Powell contends that the district court erred in holding as a matter of law that defendants had probable cause to arrest and prosecute him for public lewdness, thereby precluding him from satisfying a necessary element of his false arrest and malicious prosecution claims.  See Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996) (false arrest); Savino v. City of New York, 331 F.3d 63, 72 (2d Cir. 2003) (malicious prosecution).  We review an award of summary judgment de novo, resolving all ambiguities and drawing all reasonable factual inferences in favor of the nonmovant, and we will affirm only if the record reveals no genuine dispute of material fact.  See Fed. R. Civ. P. 56(a); Nagle v. Marron, 663 F.3d 100, 104–05 (2d Cir. 2011). We assume the parties' familiarity with the underlying facts, the procedural history of the

---

[1] Powell does not appeal from that portion of the judgment awarded to defendants Donald Truesdell, Eileen O'Connell, and the County of Suffolk, New York.

2

case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

Upon independent review, we conclude, as the district court did, that there was no genuine issue of material fact with regard to the existence of probable cause for Powell's arrest. "[P]robable cause to arrest exists when [police] officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." Weyant v. Okst, 101 F.3d at 852. This standard is a "fluid" one, which does not demand "hard certainties" but only facts sufficient to establish the sort of "fair probability" on which "reasonable and prudent men, not legal technicians, act." Illinois v. Gates, 462 U.S. 213, 231–32, 238 (1983); see Florida v. Harris, 133 S. Ct. 1050, 1055 (2013) (observing that probable cause is a "practical," "common-sensical," "all-things-considered" standard).

At the time of arrest, police had a sworn statement from Eileen O'Connell, who claimed that she observed Powell masturbating in a van parked outside her home. Such allegations from an eyewitness are sufficient to establish probable cause. See Panetta v. Crowley, 460 F.3d 388, 395 (2d Cir. 2006) ("[I]t is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness." (internal quotation marks omitted)); see also N.Y. Penal Law § 245.00(a) (providing that "person is guilty of public lewdness when he intentionally exposes the private or intimate parts of his body in a lewd manner or commits

3

any other lewd act . . . in a public place"); People v. McNamara, 78 N.Y.2d 626, 633–34 (1991) (holding that interior of parked car is "public place" under Section 245.00(a) where "objective circumstances establish that lewd acts committed there can, and likely would, be seen by the casual passerby").

In urging otherwise, Powell contends that (1) Officer Murphy and Detective Suppa improperly characterized O'Connell as a "casual passerby" in the Information; (2) O'Connell could not have been a "casual passerby" under the circumstances, given that she observed him through bushes five or six feet from his van; and (3) the district court erred by describing O'Connell's statement to include the phrase "where someone casually passing by could see him." Regardless of whether O'Connell herself was a casual passerby, however, Officer Murphy reasonably could have concluded from the information O'Connell provided that Powell's lewd acts could, and likely would, be seen by a casual passerby on the street near her home. See People v. McNamara, 78 N.Y.2d at 633–34. This information included O'Connell's statement that (1) the van was parked outside her home, in a residential neighborhood; (2) she could see the van from her porch; and (3) after moving from her porch to behind some bushes on her property, she clearly observed Powell masturbating inside the van from about five or six feet away. These circumstances established a probability "that the car's interior [was] visible to a member of the passing public, and that the vehicle [was] situated in a place where it likely would be observed by such a person." Id. at 634. Accordingly, a reasonable officer could have believed it probable that Powell had committed the crime of public lewdness. See id. at 633–34; see

4

also Zalaski v. City of Hartford, 723 F.3d 382, 390 (2d Cir. 2013) ("[P]robable cause does not demand that an officer's good-faith belief that a suspect has committed or is committing a crime be 'correct or more likely true than false.'" (quoting Texas v. Brown, 460 U.S. 730, 742 (1983))).

Even if Powell had not intended to be observed, that fact would not alter the probable cause assessment. Intent to be observed is not a required element of public lewdness under § 245.00(a). See People v. McNamara, 78 N.Y.2d at 630–32; id. at 630 (stating that "mens rea in the form of intent to be observed, reckless disregard of observation, or intent to arouse or gratify sexual desires by means of public observation is not required by section 245.00(a)"). Thus, even viewing the record in the light most favorable to Powell, we conclude that the district court properly awarded summary judgment in favor of defendants on Powell's false arrest claim. See Jenkins v. City of New York, 478 F.3d 76, 84, 88 (2d Cir. 2007) (recognizing probable cause as complete defense to claims for false arrest and false imprisonment).

Powell's malicious prosecution claim fares no better. While the probable cause inquiries for false arrest and malicious prosecution are distinct, where, as here, probable cause to arrest existed, and Powell concedes that defendants did not learn of any intervening facts between arrest and initiation of prosecution to undermine that probable cause, claims of malicious prosecution cannot survive. See Manganiello v. City of New York, 612 F.3d 149, 161–62 (2d Cir. 2010) (recognizing probable cause as complete defense to malicious prosecution); Lowth v. Town of Cheektowaga, 82 F.3d 563, 571 (2d

5

Cir. 1996) (stating that, for probable cause to dissipate between arrest and prosecution, "groundless nature of the charges must be made apparent by the discovery of some intervening fact").

We have considered Powell's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court